<div style="margin-left:2em;">MASON<br>
*v.*<br>
STEWART.</div>

---

## NORMENT COOPER & CO. *v.* WILLIAM M. BURNS.

*The death of one of the part owners of a steamer, engaged in carrying property for hire, dissolves the partnership, but if the survivors continue running the vessel, they are liable as commercial partners.*

APPEAL from the District Court of Bossier, *Jones*, J. *H. M. Spofford*, for plaintiffs. *A. Lawson*, and *S. W. Fuller*, for defendant. The judgment of the court was pronounced by

ROST, J. The plaintiffs sue the defendant, as part owner of a steamer, on account of supplies furnished her, while she was employed in carrying personal property for hire, for the benefit of the owners.

The defence is, that the boat was owned by, and navigated on account of the defendant and several other persons; that before any of the supplies, for which the plaintiffs claim payment, were furnished, one of the part owners died; that the partnership was dissolved by his death, and that *Hiram Wilson* and *George K. Runner*, two of the part owners of the boat, continued to run her, without the consent of the defendant and in opposition to his wishes, and that he is not personally liable to the plaintiffs.

The case is before us on the appeal of the defendant, from the judgment rendered against him, in conformity to the prayer of the petition.

We think, with the district judge, that the defence is not sustained by the evidence. Whatever may have been the wishes of the defendant, the boat continued to carry personal property, for hire, on his account, and he is liable to the plaintiffs as a commercial partner.

Where a commercial partnership is created by contract, the death of one of the partners finally dissolves it, and the surviving partners, who do not give themselves out to the world as commercial partners, after the dissolution, are not bound *in solido* with those who do; but in cases like this, the partnership results from the destination of the vessel, and as long as that destination is unchanged, the part owners who have capacity to bind themselves, continue bound as commercial partners, notwithstanding the death of any of them.

The judgment is therefore affirmed, with costs.